UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN L. GOODWIN, III,

    Plaintiff,

                              Case No. 2:13-cv-13445
                              Hon. Victoria A. Roberts
v.                            Magistrate Judge Michael J. Hluchaniuk

UNITED STATES OF AMERICA,

    Defendant.
_____/

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

**I.   INTRODUCTION AND BACKGROUND**

Before the Court is Defendant's motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Plaintiff filed this medical malpractice action on August 12, 2013, under the Federal Tort Claims Act ("FTCA"). 28 U.S.C. §§ 2671, *et seq*. Plaintiff asserts that on August 27, 2010, he was subjected to unnecessary surgery while a patient at the James H. Quillen VA Medical Center in Mountain Home, Tennessee. The complaint alleges that Plaintiff has suffered numerous medical consequences from the treatment he received, including paralysis.

The Defendant argues that under the FTCA, Tennessee law governs. Under Tennessee's Medical Malpractice Act ("TMMA"), TCA §29-26-101 *et seq*., a Plaintiff is required to provide pre-suit notice to a potential defendant and file a certificate of good faith. Defendant says

dismissal is appropriate; Plaintiff failed to comply with the TMMA's pre-suit notice and certificate of good faith requirement.

Defendant's motion to dismiss is **GRANTED** with prejudice.

## II. STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides that a complaint may be dismissed if it fails to state a claim upon which relief can be granted. Rule 12(b)(6) permits a defendant to test whether a plaintiff is entitled to any relief as a matter of law, even if all well-pleaded allegations in the complaint are presumed to be true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir.1993); *Nishiyama v. Dickson County, Tennessee*, 814 F.2d 277, 279 (6th Cir.1987). To survive a motion to dismiss under Rule 12(b)(6), the complaint must contain either direct or inferential allegations which comprise all of the essential elements necessary to sustain a claim for relief under some viable legal theory. *Eidson v. State of Tennessee Dept. of Children's Services*, 510 F.3d 631, 634 (6th Cir.2007); *Commercial Money Center, Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336–37 (6th Cir.2007); *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir.2005). *Moher v. U.S.*, 875 F. Supp. 2d 739, 749 (W.D. Mich. 2012).

## III. LAW

Under the FTCA, a federal court must follow the law of the state where the wrongful act occurred. 28 U.S.C.A. § 1346(b)(1) provides:

> Subject to the provisions of chapter 171 of this title, the district courts, together with the United States District Court for the District of the Canal Zone and the District Court of the Virgin Islands, shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and

after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

Under Tennessee law, medical malpractice claims are governed by the TMMA. The TMMA requires Plaintiffs to provide: (1) pre-suit notice, under TCA §29-26-121; and (2) file a certificate of good faith with the complaint, under TCA §29-26-122.

## IV. ANALYSIS

### (1) Plaintiff Failed to comply with pre-suit notice required by Tennessee law.

TCA §29-26-121 Provides:

(a) Any person, or that person's authorized agent, asserting a potential claim for health care liability shall give written notice of the potential claim to each health care provider that will be a named defendant at least sixty (60) days before the filing of a complaint based upon health care liability in any court of this state.

(2) The notice shall include:

> (A) The full name and date of birth of the patient whose treatment is at issue;
> (B) The name and address of the claimant authorizing the notice and the relationship to the patient, if the notice is not sent by the patient;
> (C) The name and address of the attorney sending the notice, if applicable;
> (D) A list of the name and address of all providers being sent a notice; and

> (E) A Health Insurance Portability and Accountability Act ("HIPAA") compliant medical authorization permitting the provider receiving the notice to obtain complete medical records from each other provider being sent a notice.

(b) If a complaint is filed in any court alleging a claim for health care liability, the pleadings shall state whether each party has complied with subsection (a) and shall provide the documentation specified in subdivision (a)(2). The court may require additional evidence of compliance to determine if the provisions of this section have been met. The court has discretion to excuse compliance with this section only for extraordinary cause shown.

Plaintiff failed to comply with TCA §29-26-121; his complaint does not state that he complied with the pre-suit notice. The Complaint and response to Defendant's motion fail to state the Plaintiff's date of birth, or to list the name and address of all providers being sent a notice. They also fail to include a HIPAA compliant medical authorization permitting the provider receiving the notice to obtain complete medical records from each other provider being sent a notice. Likewise, Plaintiff has not alleged any extraordinary cause for his failure to comply.

### (2) Plaintiff Failed to file a certificate of good faith with his complaint as required by Tennessee law.

TCA §29-26-122 provides:

(a) In any health care liability action in which expert testimony is required by § 29-26-115, the plaintiff or plaintiff's counsel shall file a certificate of good faith with the complaint. If the certificate is not filed with the complaint, the complaint shall be dismissed, as provided in subsection (c), absent a showing that the failure was due to the failure of the provider to timely provide copies of the claimant's records requested as provided in § 29-26-121 or demonstrated extraordinary cause.

4

(c) The failure of a plaintiff to file a certificate of good faith in compliance with this section shall, upon motion, make the action subject to dismissal with prejudice.

The consequence of failing to comply with TCA §29-26-122 has been interpreted by the Supreme Court of Tennessee as requiring dismissal with prejudice. *Stevens ex rel. Stevens v. Hickman Community Health Care Services, Inc.*, 418 S.W.3d 547, 560 (Tenn. 2013). The *Stevens* court stated "[i]f the legislature had intended to punish a plaintiff's failure to comply with the requirements of Tenn.Code Ann. § 29–26–121(a)(2)(E) by requiring courts to dismiss all such cases with prejudice, the legislature could easily have done so, as it did in Tenn.Code Ann. § 29–26–122. Thus, we can only interpret the legislature's failure to mandate the same remedy for Tenn.Code Ann. § 29–26–121(a)(2)(E) violations as an indication that dismissal with prejudice for such violations is not compulsory. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn.1991)." *Id*.

Plaintiff failed to comply with TCA §29-26-122 because he did not file a certificate of good faith with his complaint. Plaintiff has not alleged that expert testimony is not required under TCA §29-26-115. Likewise, Plaintiff has not alleged in his complaint or in his response to Defendant's motion that his failure to file a certificate of good faith was due to "the failure of the provider to timely provide copies of the claimant's records requested as provided in § 29-26-121 or demonstrated extraordinary cause." *Id*.

In accord with the *Stevens* decision, Plaintiff's failure to comply with TCA §29-26-122 requires this Court to dismiss his complaint with prejudice. *Stevens*, 418 S.W.3d at 560.

**IV.     CONCLUSION**

Defendant's motion to dismiss is **GRANTED** with prejudice.

**IT IS ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  April 29, 2014

> The undersigned certifies that a copy of this document was served on the attorneys of record and John L. Goodwin III by electronic means or U.S. Mail on April 29, 2014.
>
> S/Carol A. Pinegar
> Deputy Clerk